```
LAWRENCE G. BROWN
Acting United States Attorney
SAMUEL WONG
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone: (916) 554-2772
```

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>      v.<br><br>RITO BELTRAN-LEON, et al.,<br><br>           Defendants. | NO. CR. S-07-170  LKK<br><br>ORDER EXCLUDING TIME UNDER SPEEDY TRIAL ACT, AND SETTING FURTHER STATUS CONFERENCE DATE<br><br>Court:  Hon. Lawrence K. Karlton |

On December 16, 2008, the parties appeared before the Court for a status conference. Assistant United States Attorney Samuel Wong appeared on behalf of plaintiff United States of America. Gordon Brown, Esq., appeared with his client, defendant Rene Beltran-Leon. J. Toney, Esq., appeared with his client, defendant Juan Camacho. Mr. Toney also appeared for Ernesto Castillo, Esq., and with Mr. Castillo's client, defendant Rito Beltran-Leon.

The parties requested that the matter be continued to February 10, 2009, at 9:15 a.m., for further status conference to

1

allow each defense counsel additional time to prepare his respective client's case. The parties requested and agreed that time from December 16, 2008, to, and including, February 10, 2009, shall be excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act, pursuant to Local Code T4.

Based on the representations and stipulations of the parties, and good cause appearing therefrom, the Court sets a new status conference hearing on February 10, 2009, at 9:15 a.m. The Court orders that time from December 16, 2008, to, and including, February 10, 2009, shall be excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act, pursuant to Local Code T4.

The Court finds that the failure to grant a continuance in this case would deny each defense counsel reasonable time necessary for effective preparation of his respective client's case, taking into account the exercise of due diligence. The Court specifically finds that the ends of justice served by the granting of such continuance outweigh the interests of the public and defendants in a speedy trial.

It is so ordered.

Dated: April 21, 2009

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT